McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:17-MC-00156-KJM-AC |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $5,020.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 18, 2017, inspectors with the United States Postal Inspection Service ("USPIS") seized approximately $5,020.00 in U.S. Currency ("the defendant currency") from M. Coley ("Coley" or "claimant") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 24, 2017, USPIS received a claim from Stanley Jackson ("Jackson" or "claimant") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 18, 2017, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials

1

identified a parcel that bore markers consistent with parcels used for shipping contraband. The package was addressed to M. Coley, 800 Gibson Dr., Apt 928, Roseville, California 95678, with the following return address: S. Jackson, 52 Brandywine Street SW, Washington, DC 20032.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics. On May 18, 2017, Postal Inspectors traveled to recipient address. They knocked on the door and were greeted by a male who opened the door. The male stepped out of the residence and shut the door. He did not produce an ID when asked, but identified himself as Malcolm Coley. Coley admitted he previously lived at 376 Sawtell Road in Roseville, CA, but did not live at the recipient address. Coley then said he lived in Washington, DC and was just visiting California. Coley was asked if he was expecting a parcel or if he knew anyone in Washington, DC named S. Jackson and he replied "no" to both questions. Inspectors stated a parcel had been flagged. Coley stated he normally does not receive mail at this address, but he sold a 2003 Chevy Tahoe to Stan Jackson and the contents of the package most likely contained the money for the sale of the vehicle. Coley said he did not have Jackson's phone number. Coley gave consent to the inspectors to open the parcel.

5. The United States represents that it could further show at a forfeiture trial that on May 18, 2017, Postal Inspectors called (202) 562-2572 and spoke to a female. They asked to speak to Stanley Jackson. The female said Mr. Jackson was her husband, but was not home.

6. The United States represents that it could further show at a forfeiture trial that based on the consent provided by Coley, inspectors opened Priority Mail express parcel #EK728575423US. Inside the Priority Mail express envelope was a Priority Mail Tyvek envelope that contained a hard-covered children's book titled "mighty machines, Ships Submarines" and a manila envelope. Inside the manila envelope was U.S. Currency totaling $5,020.00. The currency consisted entirely of $20 bills. The parcel did not contain any notes, receipts, or instructions.

7. The United States represents that it could further show at a forfeiture trial that Jackson was previously arrested several times for possession of marijuana and/or possession of marijuana with intent to distribute marijuana.

/////

2

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Jackson acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $2,510.00 of the Approximately $5,020.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $2,510.00 of the Approximately $5,020.00 in U.S. Currency shall be returned to claimant Stanley Jackson through his attorney Scott L. Little.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out

of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: January 16, 2018.

_____
UNITED STATES DISTRICT JUDGE